FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 1 2 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

# UNITED STATES DISTRICT COURT
### *for the*
## EASTERN DISTRICT OF TEXAS
### Sherman Division

| | |
|---|---|
| **KELLY R. HARRINGTON** )<br>)<br>Plaintiff )<br>)<br>V. )<br>)<br>**NATIONAL ENTERPRISE** )<br>**SYSTEMS, INC.** and **NCO** )<br>**FINANCIAL SYSTEMS, INC.** )<br>)<br>Defendants ) | Civil Action No. 4:08cv422<br>**JURY**<br>Schneider |

---

## COMPLAINT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND THE TEXAS DEBT COLLECTION ACT

---

Plaintiff **KELLY R. HARRINGTON**, for her complaint, alleges as follows:

## I.   NATURE OF THIS SUIT

1.    Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 - 1692p; the Texas Debt Collection Act ("DCA"), Tex. Fin. Code Ann. §§ 392.001 - 392.404 (Ch. 392. Debt Collection); and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Comm. Code Ann. §§ 17.41 - 17.63; to obtain monetary damages and injunctive or other relief for Defendants' violations of the FDCPA, the DCA, and the DTPA.

---

## II.   JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter under two federal statutes:

• *Federal-question jurisdiction.* This action arises under a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Section 813(d), 15 U.S.C. § 1692k(d), allows an action to enforce liability created by that title to be brought in any appropriate United States district court without regard to the amount in controversy.

• *Diversity-of-citizenship jurisdiction.* Plaintiff is a citizen of the State of Texas. Defendant National Enterprise Systems, Inc. ("NES"), is a corporation incorporated under the laws of the State of Ohio with its principal place of business in Ohio. Defendant NCO Financial Systems, Inc. ("NCO"), is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

3.     Venue is proper in the United States District Court for the Eastern District of Texas because, at all times relevant to this complaint, Plaintiff has resided in this district (Denton County) and both Defendants have transacted business in this district.

## III.   PLAINTIFF

4.     Plaintiff **Kelly R. Harrington** is an individual residing at 1509 Lindby Drive, Flower Mound, Texas, 75028-3624, in Denton County.

5.     Plaintiff is a "consumer" as that term is defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), as follows:

> The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

## IV.   DEFENDANTS

6.     Defendant **National Enterprise Systems, Inc.**, is a for-profit corporation organized, existing, and doing business under the laws of the State of Ohio. Its principal place of business is located at 29125 Solon Road, Solon, Ohio, 44139-3442. At all times relevant to this complaint, Defendant National Enterprise Systems, Inc., was authorized to do business in the State of Texas and has transacted business in this district. Defendant NES may be served with process by serving its registered agent for service of process, C T Corporation System, 350 N. St. Paul Street, Dallas, Texas, 75201-4284.

7.     Defendant **NCO Financial Systems, Inc.**, is a for-profit corporation organized, existing, and doing business under the laws of the State of Pennsylvania. Its principal place of business is located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308. At all times relevant to this complaint, Defendant NCO Financial Systems, Inc., was authorized to do business in the State of Texas and has transacted business in this district. Defendant NCO may be served with process by serving its registered agent for service of process, C T Corporation System, 350 N. St. Paul Street, Dallas, Texas, 75201-4284.

8.     Defendants NES and NCO are "debt collectors" as that term is defined in Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6), as

follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

## COUNT ONE

## V. THE FAIR DEBT COLLECTION PRACTICES ACT

9.     The FDCPA, enacted in 1977 and in effect as of March 20, 1998, has been the primary statute protecting consumers from abusive debt collection practices since that date.  Congress passed the statute because it found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  It further found that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasion of individual privacy.  The purpose of the Act is to eliminate those abusive debt collection practices, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to protect consumers against such abuses by promoting consistent State action in that effort.

## VI. CIVIL REMEDIES AVAILABLE TO PLAINTIFF HARRINGTON UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

10.     A successful claimant in a civil action against a debt collector is entitled to recover damages under Section 813 of the FDCPA, 15 U.S.C. § 1692k, as follows:

### § 813.  Civil liability

(a)  Except as otherwise provided by this section, **any debt collector who fails to comply with any provision of this title** with respect to any person **is liable to such person in an amount equal to the sum of—**

    (1)  **any actual damage sustained by such person as a result of such failure;**

    (2)  (A)  in the case of any action by an individual, **such additional damages as the court may allow, but not exceeding $1,000** . . .

    (3)  **in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court** . . . .

(b)  In determining the amount of liability in any action under subsection (a), **the court shall consider, among other relevant factors—**

    (1)  in any individual action under subsection (a)(2)(A), **the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional** . . . . [1]

[The omitted text refers to class actions, which is not applicable to this matter.]

## VII.  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### A.  *Defendants NES And NCO Repeatedly Violated The Provision Requiring Them To Cease Communications With Harrington.*

11.  Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(c), requires debt collectors to cease communications with a consumer, as follows:

### § 805.  Communication in connection with debt collection

(c)  **CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication**

---

[1]  Emphasis added. Hereinafter, any time a statute is set forth in this Complaint in which text is emphasized, that emphasis has been added.

---

with the consumer, **the debt collector shall not communicate further with the consumer with respect to such debt** . . . .

If such notice from the consumer is made **by mail, notification shall be complete upon receipt.**

[The omitted text refers to exceptions to the rule, none of which apply herein.]

12.     Plaintiff Harrington notified Defendants in writing at least three times that she refused to pay the alleged debt and that she wished them to cease further communication with her. The first notice was a certified letter to Phillips & Cohen Associates, Ltd., and Bank of America, N.A., from Kelly Harrington dated May 5, 2007, which was received on May 8, 2007. The second notice was a certified letter to National Enterprise Systems, Inc., and Bank of America, N.A., from Kelly Harrington dated Dec. 12, 2007, which was received on Dec. 18, 2007. The third notice was Plaintiff's response to the arbitration claim of FIACS, which was received on May 12, 2008.

13.     Consequently, after May 8, 2007, any further attempts to communicate with Harrington would be unlawful. Nonetheless, Defendants did so on at least 99 separate occasions by continuing to call her at work and at home (95 times) and by continuing to send her collection letters (4 times), all in violation of federal law (*i.e.,* two letters to Kelly Harrington from Creditors Interchange dated July 9, 2007, and Oct. 5, 2007; letter from National Enterprise Systems dated Nov. 6, 2007; and letter from NCO Financial Systems dated Jan. 16, 2008.)

14.     For each of the 99 occasions Defendants NES and NCO failed to comply with Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(c), as described above, Defendants NES and NCO are liable to Plaintiff Harrington under Section 813 of the

FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each such failure, additional damages as the Court may allow (up to $1,000 for each violation), the costs of this action, and a reasonable attorney's fee as determined by the Court.

**B.**   ***Defendants NES And NCO Repeatedly Violated The Provision Requiring Them To Provide To Harrington Written Verification Of The Alleged Debt And The Name And Address Of The Original Creditor OR To Cease Collection Until They Had Done So.***

15.   Section 809 of the FDCPA, 15 U.S.C. § 1692g, sets forth the rights and obligations of debt collectors and consumers with respect to the validation of alleged debts.   Subsections (a) and (b), the portions relevant to this complaint, state as follows:

**§ 809.  Validation of debts**

(a)   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)   the amount of the debt;

(2)   the name of the creditor to whom the debt is owed;

(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)   a statement that, upon the consumer's written request within the

thirty- day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b)  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

16.   Sequence of Events in the Collection Process.  The following events took place in connection with Defendants' attempts to collect the alleged debt.  The alleged debt was charged off by the original creditor, Bank of America, in February 2007.  Then, beginning in March 2007, Bank of American or its successor FIACS successively retained at least four different debt collection agencies for the purpose of attempting to collect the alleged debt.  However, on May 8, 2007, on Dec. 18, 2007, and on May 12, 2008, Plaintiff notified Defendants in writing that she disputed the alleged debt and requested that they provide written verification of the alleged debt and the name and address of the original creditor.  The names of the four debt collection agencies and the approximate periods of time during which they were attempting collection on behalf of their principal Bank of America and/or FIACS (beginning with the date of their first credit report inquiry and/or the date of their first contact with Plaintiff), and other significant events that occurred in the process of their attempts to collect the alleged debt, are as follows:

First Debt Collector:  **Phillips & Cohen Associates, Ltd.**

| | |
|---|---|
| 03-12-07 | first credit report inquiry |
| 03-13-07 | date of first/last letter to Kelly Harrington (no postmark) |
| 04-18-07 | first phone call to Kelly Harrington |
| 05-05-07 | last phone call to Kelly Harrington |
| **05-08-07** | P&C rec'd certified letter dated May 5, 2007, from Kelly Harrington to P&C and its client FIACS **disputing the alleged debt and requesting written verification of the debt and the name/address of the original creditor** |
| **[NEVER]** | **written verification produced** |
| **[NEVER]** | **name/address of original creditor provided** |

17.    Instead of complying with their obligations under federal law, FIACS and Phillips & Cohen Associates ignored Harrington's requests and violated the prohibition against continuing to pursue collection by continuing to report the alleged debt in Plaintiff's consumer files, failing to note that it was a disputed debt, and reassigning the claim to another debt collector:

Second Debt Collector:  **Creditors Interchange Receivable Management, LLC**

| | |
|---|---|
| 07-08-07 | first credit report inquiry |
| 07-09-07 | first letter mailed to Kelly Harrington |
| 10-05-07 | second letter mailed to Kelly Harrington |
| **[NEVER]** | **written verification produced** |
| **[NEVER]** | **name/address of original creditor provided** |

18.    Continuing to pursue collection of the alleged debt in violation of federal law, FIACS reassigned the claim to yet another debt collector:

Third Debt Collector:  **National Enterprise Systems, Inc. (Defendant)**

| | |
|---|---|
| 11-05-07 | first credit report inquiry and first phone call to Kelly Harrington |
| 11-07-07 | first/last letter mailed to Kelly Harrington |
| 12-14-07 | last phone call to Kelly Harrington (**a total of 79 phone calls in 40 days**); [2] |

---

[2]  See below beginning at Section C for additional causes of action relating to the 78 calls from Jim West of NES for repeated violations of Section 806 of the FDCPA, which prohibits harassing and abusive conduct in connection with the collection of a debt, specifically, subsection (5) (causing a

**12-18-07**    NES rec'd certified letter dated Dec. 12, 2007, from Kelly
Harrington to NES and its client FIACS **disputing the alleged
debt and requesting written verification of the debt and the
name/address of the original creditor**
**[NEVER]**    **written verification produced**
**[NEVER]**    **name/address of original creditor provided**

19.    Having now received a <u>second</u> written request from Harrington, instead
of complying with their obligations in response thereto, FIACS and Defendant NES
continued to pursue collection of the alleged debt in violation of federal law, by
continuing to report the alleged debt in Plaintiff's consumer files, failing to note that
it was a disputed debt, and assigning the claim to yet a fourth debt collection agency:

Fourth Debt Collector:  **NCO Financial Systems, Inc. (Defendant)**
01-  -08    first credit report inquiry
01-11-08    first phone call to Kelly Harrington
01-16-08    date of first/last letter to Kelly Harrington (no postmark)
01-18-08    2 phone calls to Kelly Harrington
01-24-08    phone call to Kelly Harrington
03-05-08    NCO filed arbitration claim as Authorized Agent of FIA Card
Services, N.A.
03-24-08    2 phone calls to Kelly Harrington
04-07-08    phone call to Kelly Harrington
04-15-08    2 phone calls to Kelly Harrington
05-12-08    NCO rec'd Kelly Harrington's response to FIACS's arbitration
claim **disputing the alleged debt**
05-21-08    phone call to Kelly Harrington
05-27-08    phone call to Kelly Harrington
05-30-08    phone call to Kelly Harrington
06-03-08    phone call to Kelly Harrington
07-07-08    phone call to Kelly Harrington
07-08-08    phone call to Kelly Harrington
07-10-08    phone call to Kelly Harrington
07-13-08    Kelly Harrington's home phone disconnected
**[NEVER]**    **written verification produced**
**[NEVER]**    **name/address of original creditor provided**

---

telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the
called number) and subsection (6) (placing phone calls without meaningful disclosure of the caller's
identity).

20.    Therefore, despite the fact that Plaintiff properly and timely disputed the alleged debt and requested written verification of same and the name and address of the original creditor (at least three times), Defendants failed to validate the debt as required. As a consequence under the law, they were no longer permitted to pursue collection and were to cease all collection activity unless and until they could produce the requested debt verification. Instead, FIACS and Defendants NES and NCO kept transferring the account back to the original creditor and/or from one debt collector to another, continued to report the alleged debt in Plaintiff's consumer files, and failed to note that it was a disputed debt. In so doing, they violated both the letter and the spirit of the statutory prohibition against continuing the collection.

21.    Further, through the date of filing this complaint, neither Defendant has ever provided to Plaintiff written verification of the alleged debt or the name and address of the original creditor, yet neither one has ceased pursuing collection of the debt.

22.    For each of the ___ occasions Defendants NES and NCO failed to comply with Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b), as described above, Defendants NES and NCO are liable to Plaintiff Harrington under Section 813 of the FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each such failure, additional damages as the Court may allow (up to $1,000 for each violation), the costs of this action, and a reasonable attorney's fee as determined by the Court.

C.    *Defendants NES And NCO Repeatedly Violated Provisions Prohibiting Harassing Or Abusive Conduct Towards Harrington.*

23.   Section 806 of the FDCPA, 15 U.S.C. § 1692d, contains examples of conduct involving harassment, oppression, or abuse that is prohibited in connection with the collection of consumer debts. The specific provisions that Defendants NES and NCO violated are Subsections (5) and (6), as follows:

**§ 806.  Harassment or abuse**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person** in connection with the collection of a debt. Without limiting the general application of the foregoing, **the following conduct is a violation of this section**:

(5)   **Causing a telephone to ring** or engaging any person in telephone conversation **repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

(6)   Except as provided in section 804, **the placement of telephone calls without meaningful disclosure of the caller's identity.**

**C.1.   *Defendant NES Repeatedly Violated The Provision Prohibiting Harassing Or Abusive Conduct Towards Harrington By Causing Her Telephone To Ring Repeatedly With The Intent To Annoy, Abuse, Or Harass Her.***

24.   As stated above, FIACS hired four debt collection agencies to pursue collection of the alleged debt from Plaintiff. All four of those agencies attempted to contact Harrington by phone; however, one of them, Defendant NES, engaged in the harassing and abusive conduct prohibited in subsection (5) of Section 806 of the FDCPA, 15 U.S.C. § 1692d(5), causing a telephone to ring repeatedly with intent to annoy, abuse, or harass any person at the called number. From Nov. 5, 2007 through Dec. 14, 2007, Defendant NES caused Harrington's phones at work and at home to ring repeatedly by calling her **at least 79 times in 40 days (an average of 2 calls per day), and sometimes as many as 3 or 4 times in one day.**

25.   For each of the 79 occasions Defendant NES failed to comply with Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5), as described above, Defendant NES is liable to Plaintiff Harrington under Section 813 of the FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each such failure, additional damages as the Court may allow (up to $1,000 for each violation), the costs of this action, and a reasonable attorney's fee as determined by the Court.

### C.2.   *Defendants NES And NCO Repeatedly Violated The Provision Prohibiting Harassing Or Abusive Conduct Towards Harrington By Placing Telephone Calls To Her Without Meaningful Disclosure Of The Caller's Identity.*

26.   Defendants NES and NCO engaged in the harassing and abusive conduct prohibited in subsection (6) of Section 806 of the FDCPA, 15 U.S.C. § 1692d(6), the placement of telephone calls without meaningful disclosure of the caller's identity, a total of at least 83 times.

27.   **Violations by Defendant National Enterprise Systems.** In 79 of the 79 phone calls placed by Defendant NES, there was no meaningful disclosure of the caller's identity. The following is the automated message that was left on Plaintiff's answering machine in 78 of those calls:

> This is Jim West calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-498-1798. Again, that number is 1-800-498-1798.

28.   Each time, the caller identified himself as "Jim West," but failed to identify the company he represented (NES) or the nature of the matter about which he was calling (to collect a debt). [3]

---

[3]   Plaintiff would never have known who "Jim West" was, who he represented, or why he was calling her, except for a fortunate observation she made only recently, which connected him to Defendant NES. While analyzing all the documentation she has been collecting in preparation for pursuing this

29.   In addition, a live caller left the following message on Plaintiff's answering machine on Dec. 14, 2007:

> Ms. Harrington, this is Jennifer Sharp. I'm with the offices of NES. I need to talk to you about a personal business matter of yours — actually, a bevy of them. It is imperative that we speak today, today's date being Dec. 14. The number to contact is (800) 498-1798, and my direct extension is 1402. And it is very important that we speak, and I will be anticipating a return call.

30.   This caller failed to fully identify the company she represented ("offices of NES" instead of "National Enterprise Systems, Inc.") or the nature of the matter about which she was calling (to collect a debt).

31.   **Violations by Defendant NCO Financial Systems.**  Additionally, on at least 4 occasions, Defendant NCO also placed phone calls to Plaintiff without providing meaningful disclosure of the caller's identity. Each time, the caller failed to identify himself, the company he represented, and/or the true nature of the call, as follows:

> A. Call on Jan. 18, 2008: "Kelly Harrington, this is Mr. Hamad, calling from The Attorney Network. If you don't mind, give me a call back as soon as you get this message. The number to contact me directly is (443) 263-3438. Again, Ms. Harrington, this is Mr. Hamad calling from The Attorney Network. I'm calling about a file that's been placed in my office. Please give me a call back. Thank you."

32.   This caller failed to identify himself (give his full name) and failed to disclose that he was calling for NCO (in fact, naming a different entity altogether) or for the purpose of debt collection.

---

claim, Plaintiff noticed that the phone number in Jim West's messages matched that in the message left by a different caller (Jennifer Sharp on Dec. 14, 2007) who identified the company she was calling for as "NES."

B. Call on Jan. 24, 2008: "Uh, this message is for Kelly Harrington. This is Mr. Scott. My phone number is (443) 263-3152."

33.   This caller failed to identify himself (give his full name) and failed to disclose that he was calling for NCO or for the purpose of debt collection.

C. Call on March 24, 2008: "Yes, how are you doing, Ms. Harrington? My name is Marcus and I'm calling from NCO Financial's [unintelligible] Legal Department? If you could please give me a call back today at (443) 263-3210, and reference number BV0755. Once again, that's (443) 263-3210. Thank you."

34.   This caller failed to identify himself (give his full name) and failed to disclose that he was calling for the purpose of debt collection.

D. Call on April 7, 2008: "Yes, hi Miss Kelly. My name is Marcus Smith [?]. If you would please call me back, my number is (888) 550-3794, extension 3210. Thank you."

35.   This caller failed to disclose that he was calling for NCO or for the purpose of debt collection. [4]

36.   For each of the 83 times Defendants NES and NCO failed to comply with Section 806(6) of the FDCPA, 15 U.S.C. § 1692d(6), as described above, Defendants NES and NCO are liable to Plaintiff Harrington under Section 813 of the FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each such failure, additional damages as the Court may allow (up to $1,000 for each violation), the costs of this action, and a reasonable attorney's fee as determined by

---

[4] For the purpose of context, it should be noted that Plaintiff Harrington is an attorney who typically receives numerous calls in relation to her cases (such as those from opposing counsel and their staffs, court personnel, clients, and prospective clients) and calls related to the business of running a law practice (such as calls from vendors with whom she has accounts, prospective vendors, etc.). Keeping this in mind, one can readily understand why, when Harrington received the 83 messages above without the disclosures that were required by law, it was that much more difficult for her to recognize exactly whom these particular calls were from and what they were about.

the Court.

**D.**   *Defendants NES And NCO Repeatedly Violated Provisions Prohibiting False Or Misleading Representations.*

37.   Section 807 of the FDCPA, 15 U.S.C. § 1692e, contains examples of false or misleading representations that are prohibited in connection with the collection of any debt. Defendants NES and NCO violated subsections (3), (8), (11), and/or (14), which are set forth as follows:

**§ 807.  False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(3)  **The false representation or implication that any individual is an attorney or that any communication is from an attorney.**

(8)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, **including the failure to communicate that a disputed debt is disputed**.

(11) **The failure to disclose** in the initial written communication with the consumer and, in addition, **if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose**, and **the failure to disclose in subsequent communications that the communication is from a debt collector** . . . .

(14) **The use of any business, company, or organization name other than the true name** of the debt collector's business, company, or organization.

**D.1.**   *Defendant NCO Violated The Provision Prohibiting False Or Misleading Representations By Falsely Representing Or Implying To Harrington That An Individual Was An Attorney Or That The Communication Was From An Attorney.*

38.   Defendant NCO violated subsection (3) of Section 807 of the FDCPA,

15 U.S.C. § 1692e(3), when it placed 2 calls to Plaintiff Harrington on Jan. 18, 2008,

and left the following messages:

> A.  Kelly Harrington, this is Mr. Hamad, **calling from The Attorney
> Network**. If you don't mind, give me a call back as soon as you get this
> message. The number to contact me directly is (443) 263-3438.  Again,
> Ms. Harrington, this is Mr. Hamad **calling from The Attorney
> Network.  I'm calling about a file that's been placed in my office.**
> Please give me a call back.  Thank you.

> B.   This message is meant for Kelly Harrington.  Uh, this is Mr.
> Campbell calling from NCO Financial Systems.  The law requires that
> I notify you that I am **calling from NCO Attorney Systems**.  Uh, this
> is an attempt to collect a debt.  Any information obtained will be used
> for that purpose.  Please call me back today at (443) 263- . . . .

39.   In addition, NCO violated subsection (3) a third time when it placed a

call to Plaintiff Harrington on March 24, 2008, and left the following message:

> Yes, how are you doing, Ms. Harrington?  My name is Marcus and I'm
> **calling from NCO Financial's [unintelligible] Legal Department**?
> If you could please give me a call back today at (443) 263-3210, and
> reference number BV0755.  Once again, that's (443) 263-3210.  Thank
> you.

40.   For each of the 3 occasions Defendant NCO failed to comply with

subsection (3) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(3), as described

above, Defendant NCO is liable to Plaintiff Harrington under Section 813 of the

FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each

such failure, additional damages as the Court may allow (up to $1,000), the costs of

this action, and a reasonable attorney's fee as determined by the Court.

**D.2.** *Defendants NES And NCO Repeatedly Violated The Provision Prohibiting False Or Misleading Representations By Failing To Communicate That The Disputed Debt Was Disputed.*

41.    By and through their inaction, Defendants NES and NCO violated and continue to violate subsection (8) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(8), failing to communicate that a disputed debt is disputed, a total of at least ___ times.

42.    On or before February 28, 2007, the date the alleged debt was "charged off to bad debt," the original creditor reported the alleged debt to the three consumer reporting agencies, Experian, Equifax, and TransUnion, and made credit inquiries in Plaintiff's consumer files, as did both Defendants. However, when Defendants received written notice from Plaintiff on at least three occasions that she disputed the alleged debt, they failed to communicate to any of the consumer reporting agencies that the debt was disputed. Moreover, such failures continue through the date of the filing of this Complaint.

43.    For each of these ___ occasions Defendants NES and NCO failed to comply with subsection (8) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(8), as described above, Defendants NES and NCO are liable to Plaintiff Harrington under Section 813 of the FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each such failure, additional damages as the Court may allow (up to $1,000 for each violation), the costs of this action, and a reasonable attorney's fee as determined by the Court.

**D.3.** *Defendants NES And NCO Violated The Provision Prohibiting False Or Misleading Representations By Failing To Disclose To Harrington In Their Initial Communications That The Communication Was From A Debt*

*__Collector, That It Was An Attempt To Collect A Debt, AND That Any__*
*__Information Obtained Would Be Used For That Purpose.__*

44.     Defendants NES and NCO violated subsection (11) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(11), when they failed to disclose in their **initial** communications (both of which were phone calls) that the call was from a debt collector attempting to collect a debt AND that any information obtained would be used for that purpose. This is a two-part warning and it is mandatory.

45.     **Violation by Defendant National Enterprise Systems.** The initial communication that Plaintiff received from Defendant NES was a phone call on Nov. 5, 2007 (at 3:45 p.m., the first call from NES that day), with a recorded message that stated:

> This is Jim West calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-498-1798. Again, that number is 1-800-498-1798.

46.     The call violated subsection (11) because it failed to disclose that it was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose.

47.     **Violation by Defendant NCO Financial Systems.** The initial communication that Plaintiff received from Defendant NCO was a phone call on Jan. 18, 2008, with a message that stated:

> Kelly Harrington, this is Mr. Hamad, **calling from The Attorney Network**. If you don't mind, give me a call back as soon as you get this message. The number to contact me directly is (443) 263-3438. Again, Ms. Harrington, this is Mr. Hamad **calling from The Attorney Network. I'm calling about a file that's been placed in my office.** Please give me a call back. Thank you.

48.     This call also violated subsection (11) because it failed to disclose that it was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose.

49.     For each of these 2 occasions Defendants NES and NCO failed to comply with subsection (11) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(11), as described above, Defendants NES and NCO are liable to Plaintiff Harrington under Section 813 of the FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each such failure, additional damages as the Court may allow (up to $1,000 for each violation), the costs of this action, and a reasonable attorney's fee as determined by the Court.

**D.4.** ***Defendants NES And NCO Repeatedly Violated The Provision Prohibiting False Or Misleading Representations By Failing To Disclose To Harrington In Subsequent Communications That The Communication Was From A Debt Collector, That It Was An Attempt To Collect A Debt, AND That Any Information Obtained Would Be Used For That Purpose.***

50.     On at least 82 occasions, Defendants NES and NCO violated subsection (11) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(11), when they failed to disclose in **subsequent** communications (all of which were by phone) the mandatory warning that the call was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose.

51.     **Violations by Defendant National Enterprise Systems.**  Plaintiff complains of 78 subsequent communications from Defendant NES.  These were the phone calls she received from NES from Nov. 5, 2007 (at 6:33 p.m., their second call that day), through Dec. 14, 2007.  NES called Plaintiff at least 77 times and left the following recorded message:

> This is Jim West calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-498-1798. Again, that number is 1-800-498-1798.

52.    In addition, NES called Plaintiff on Dec. 14, 2007 and left the following message:

> Ms. Harrington, this is Jennifer Sharp. I'm with the offices of NES. I need to talk to you about a personal business matter of yours—actually, a bevy of them. It is imperative that we speak today, today's date being Dec. 14. The number to contact is (800) 498-1798, and my direct extension is 1402. And it is very important that we speak, and I will be anticipating a return call.

53.    All 78 calls violated subsection (11) because each one failed to disclose that it was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose.

54.    **Violations by Defendant NCO Financial Systems.** Plaintiff complains of 4 subsequent communications from NCO. The following are the phone calls she received from NCO callers from Jan. 24, 2008, through April 7, 2008, and the messages they left:

> A. Call on Jan. 18, 2008: "Kelly Harrington, this is Mr. Hamad, calling from The Attorney Network. If you don't mind, give me a call back as soon as you get this message. The number to contact me directly is (443) 263-3438. Again, Ms. Harrington, this is Mr. Hamad calling from The Attorney Network. I'm calling about a file that's been placed in my office. Please give me a call back. Thank you."

> B. Call on Jan. 24, 2008: "Uh, this message is for Kelly Harrington. This is Mr. Scott. My phone number is (443) 263-3152."

> C. Call on March 24, 2008: "Yes, how are you doing, Ms. Harrington? My name is Marcus and I'm calling from NCO Financial's [unintelligible] Legal Department? If you could please give me a call back today at (443) 263-3210, and reference number BV0755. Once again, that's (443) 263-3210. Thank you."

D. Call on April 7, 2008: "Yes, hi Miss Kelly. My name is Marcus Smith [?]. If you would please give me a call back, my number is (888) 550-3794, extension 3210. Thank you."

55.    All 4 calls violated subsection (11) because each one failed to disclose that it was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose.

56.    For each of these 82 occasions Defendants NES and NCO failed to comply with subsection (11) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(11), as described above, Defendants NES and NCO are liable to Plaintiff Harrington under Section 813 of the FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each such failure, additional damages as the Court may allow (up to $1,000 for each violation), the costs of this action, and a reasonable attorney's fee as determined by the Court.

**D.5.**    *Defendant NCO Twice Violated The Provision Prohibiting False Or Misleading Representations By The Use Of A Business Name By A Debt Collector Other Than Its True Name When NCO Identified Itself As "The Attorney Network" And "NCO Attorney Systems."*

57.    "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" is a false or misleading representation that is prohibited by subsection (14) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(14). Defendant NCO violated subsection (14) twice on Jan. 18, 2008, when two different NCO callers gave other names ("The Attorney Network" and "NCO Attorney Systems") as the name of the company they represented instead of using its true name, as follows:

A. Kelly Harrington, this is Mr. Hamad, calling from **The Attorney Network**. If you don't mind, give me a call back as soon as you get this message. The number to contact me directly is (443) 263-3438. Again, Ms. Harrington, this is Mr. Hamad calling from **The Attorney Network**. I'm calling about a file that's been placed in my office. Please give me a call back. Thank you.

B. This message is meant for Kelly Harrington. Uh, this is Mr. Campbell calling from NCO Financial Systems. The law requires that I notify you that I am calling from **NCO Attorney Systems**. Uh, this is an attempt to collect a debt. Any information obtained will be used for that purpose. Please call me back today at (443) 263- . . . .

58.    For each of these 2 occasions Defendant NCO failed to comply with subsection (14) of Section 807 of the FDCPA, 15 U.S.C. § 1692e(14), as described above, Defendant NCO is liable to Plaintiff Harrington under Section 813 of the FDCPA, 15 U.S.C. § 1692k, for actual damages sustained by her as a result of each such failure, additional damages as the Court may allow (up to $1,000), the costs of this action, and a reasonable attorney's fee as determined by the Court.

## COUNT TWO

## VIII. THE TEXAS DEBT COLLECTION ACT

59.    Plaintiff is a "consumer" against whom a "consumer debt" is claimed, as those terms are defined in subsections (1) and (2) of Section 392.001 of the DCA, Tex. Fin. Code Ann. § 392.001(1) and (2), as follows:

"Consumer" means an individual who has a consumer debt.

"Consumer debt" means an obligation, or an alleged obligation, primarily for personal, family or household purposes and arising from a transaction or alleged transaction.

60.    Defendants are engaged in "debt collection" as "debt collectors" as those

terms are defined in subsections (5) and (6) of § 392.001 of the DCA, Tex. Fin. Code Ann. § 392.001(5) and (6), as follows:

> "Debt Collection" means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

> "Debt collector" means a person who directly or indirectly engages in debt collection . . . .

## IX.   CIVIL REMEDIES AVAILABLE TO PLAINTIFF HARRINGTON UNDER THE TEXAS DEBT COLLECTION ACT

61.   In addition to any relief available under any other consumer statutes, the DCA provides its own civil remedies. Any person may seek injunctive relief to prevent or restrain a violation of the DCA and any person may maintain an action for actual damages sustained as a result of a violation of the DCA. In addition, a person who successfully maintains an action for a violation of Sections 392.101, 392.202, or 392.301(a)(3) is entitled to not less than $100.00 for each violation. A prevailing plaintiff shall be awarded attorneys' fees reasonably related to the amount of work performed and costs.

## X.   VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

62.   The actions, conduct, and practices of Defendants that are described in Section VII above, which is incorporated herein, also violated one or more of the provisions of the DCA. In addition, other actions, conduct, and practices of Defendants also violated provisions of the DCA.

63.   For each occasion Defendants NES and NCO violated the DCA, Defendants are liable to Plaintiff Harrington under Section 392.403 of the DCA, Tex.

Fin. Code Ann. § 392.403, for actual damages sustained by her as a result of each such violation, additional damages as the Court may allow (not less than $100.00) for each violation of Section 392.101, 392.202, or 392.301(a)(3), the costs of this action, and a reasonable attorney's fee as determined by the Court.

64.    Under Section 392.404 of the DCA, Tex. Fin. Code Ann. § 392.404, a violation of any provision of the DCA by any person is a deceptive trade practice actionable pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Comm. Code Ann. §§ 17.41 *et seq*. It is also subject to the venue and remedies provisions of the DTPA.

## XI.    JURY DEMAND

65.    Plaintiff demands a trial by jury.

## XII.    PRAYER FOR RELIEF

66.    For these reasons, Plaintiff respectfully asks the Court, pursuant to Section 813 of the FDCPA, 15 U.S.C. § 1692k, Sections 392.402 - 392.404 of the Texas DCA, Tex. Fin. Code Ann. §§ 392.402 - 392.404, the Texas DTPA, Tex. Bus. & Comm. Code Ann. §§ 17.41 *et seq*., and pursuant to this Court's own powers, to:

A.    Find that Defendants failed to comply with each of the provisions of the FDCPA and the DCA as alleged in this Complaint;

B.    Enter a judgment in favor of Plaintiff and against Defendants for monetary damages for each instance in which Defendants failed to comply with provisions of the FDCPA or the DCA, in an amount equal to the sum of:

(1)    the actual damages sustained by Plaintiff as a result of all such failures;

(2) such additional damages as the Court may allow, up to $1,000 for each violation of the FDCPA and not less than $100.00 for each violation of the DCA as allowed;

(3) the costs incurred in this Complaint to enforce Defendants' liability for such damages; and

(4) a reasonable attorney's fee and expenses as determined by the Court;

the total amount of which shall be determined after considering the frequency and persistence of noncompliance by the Defendants; the nature of such noncompliance; and the extent to which such noncompliance was intentional;

C.   Issue a permanent injunction enjoining National Enterprises Systems, Inc., NCO Financial Services, Inc., and anyone in privity with them, including their successors and assigns, affiliates, parent companies, subsidiaries, officers, agents, servants, employers, employees, attorneys, and representatives, and all persons in active concert or participation with any one or more of them who receive actual notice of such injunction by any means, from:

(1) violating the FDCPA or the DCA, directly or indirectly;

(2) communicating with Plaintiff Harrington any further by any means whatsoever with respect to collection of the alleged debt;

(3) selling, transferring, assigning, reporting, or sharing any information about Plaintiff Harrington or the alleged debt with anyone else;

(4) providing Plaintiff Harrington with an IRS Form 1099-C or submitting any information about Harrington or the alleged debt to the IRS; and

(5) reporting the same false or unverified information to any consumer reporting agency;

D.   Enter an order:

(1) directing Defendants to provide copies of any injunction issued in this proceeding to all persons and entities named in C. above by a date to be established by the Court; and

(2) directing Defendants to delete any and all records of the alleged debt from their own systems and from Plaintiff Harrington's consumer report and her file with each consumer reporting agency to which

they have previously reported the alleged debt or requested her file; AN D

E.   Award Plaintiff Harrington such additional relief or remedies provided by law or equity, including monetary and injunctive relief, to which she may be entitled.

Date: _/ / - / / - 0 8_

Respectfully submitted,

KELLY R. HARRINGTON
Texas Bar No. 16984570

**LAW OFFICE OF KELLY R. HARRINGTON**
1509 Lindby Drive
Flower Mound, Texas   75028-3624
KRHLawOfc @verizon.net
(972) 724-1179   Phone
(972) 355-7796   Fax

**ATTORNEY FOR PLAINTIFF
KELLY R. HARRINGTON (PRO SE)**