# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| KELLY R. HARRINGTON | § | |
| | § | |
| v. | § | Case No. 4:08cv422 |
| | § | (Judge Schneider/Judge Mazzant) |
| NATIONAL ENTERPRISE SYSTEMS, INC, | § | |
| and NCO FINANCIAL SYSTEMS, INC. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is National Enterprise Systems, Inc.'s ("NES") Fed. R. Civ. P. 12(b)(1) Motion to Dismiss (Dkt. #35). Having considered the motion, and the lack of response thereto, the Court finds that the motion should be granted.

Plaintiff's claims against NES[1] arise from NES's efforts to collect on a credit card account in the Plaintiff's name with FIA Card Services. Plaintiff alleges that NES violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, the Texas Debt Collection Act ("TDCA"), Texas Finance Code § 392.001, *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA"), Texas Business and Commerce Code § 17.01, *et seq*. Plaintiff's complaints against NES arise from Plaintiff's allegations that NES failed to cease further communications with her after she notified NES in writing to cease communications.

Plaintiff opened the account in question in 1995. By November of 2006, Plaintiff's account balance was in excess of her $47,500 credit limit. In February of 2007, with no payments and with interest and late fees being charged, the account balance was in excess of $51,000. The account was

---

[1] Plaintiff also sued NCO Financial Systems, Inc. Plaintiff and NCO have settled their dispute and the Court is waiting for closing documents.

then cancelled and Plaintiff was notified that the account would be sold for collection. Ultimately, the account was not sold but assigned for collection to a few different collection agencies before being assigned to NES.

In November 2007, NES was assigned the account. NES began making telephone calls to Plaintiff on November 5, 2007, and continued through December 14, 2007, without any success in reaching Plaintiff. On December 18, 2007, NES received Plaintiff's correspondence, dated December 12, 2007, where Plaintiff requested that NES cease all communication with her and to advise that she disputed the debt. NES then returned the account to its client and closed its file.

On November 12, 2008, Plaintiff filed her complaint against NES. Plaintiff alleges that NES's calls to her were in violation of the FDCPA's prohibitions against a debt-collector's: (1) communicating with a debtor who has sent a collector a written request not to communicate with the debtor; (2) failing to disclose in collection calls who the debt-collector is and the purpose of the calls; (3) engaging in harassing and abusive conduct; and (4) making misrepresentations about who the debt-collector was. Between November 5 and December 14, 2007, seventy-eight automated messages were left and one "live call" message was left on Plaintiff's answering machine. Plaintiff asserts that the messages did not contain the necessary disclosures that NES was a debt-collector and that the purpose of the call was the collection of a debt. Plaintiff also asserts that a "live call" message misrepresented the company name as NES rather than National Enterprise Systems, Inc. Plaintiff never spoke to anyone with NES.

On October 21, 2009, NES filed its motion to dismiss pursuant to Rule 12(b)(1) asserting that this Court lacks subject matter jurisdiction because NES's Rule 68 Offer of Judgment rendered the

case moot. Plaintiff requested an extension to respond to the motion, which the Court granted, making the response due on November 19, 2009. On November 23, 2009, the Court granted an agreed motion to extend, giving Plaintiff until December 7, 2009, to respond to the motion to dismiss. On December 9, 2009, Plaintiff filed a motion for abatement and new scheduling order and motion for extension of time to respond to the motion to dismiss. On January 6, 2010, the Court granted the motion in part and gave Plaintiff thirty days to file a response to NES's motion to dismiss. The Court advised Plaintiff that after this deadline, the Court would consider the motion irrespective of whether a response had been filed. Plaintiff did not file a response.

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane,* 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiffs. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n*

*of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

A Rule 12(b)(1) motion for lack of subject matter jurisdiction takes one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In this case, NES does not address the type of challenge it was making. It appears to the Court that NES is making both challenges. For most of its motion, NES attacks the allegations contained in Plaintiff's complaint. However, NES does make a "factual" challenge with regard to Plaintiff's claim for actual damages under the FDCPA.

On September 1, 2009, NES made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 that NES would pay Plaintiff the sum of $3,000 plus reasonable costs and reasonable attorney's fees. Rule 68 provides that a defendant "may serve on [a plaintiff] an offer to allow judgment on specified terms, with costs then accrued." If accepted, the judgment is entered against the defendant. If rejected, the offer is deemed withdrawn. Importantly, if the judgment the plaintiff ultimately obtains "is not more favorable" than the defendant's offer, the plaintiff "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68.

In this case, Plaintiff did not accept the offer. However, NES asserts that since it offered Plaintiff everything she could expect to recover in the litigation, the case is moot, because Plaintiff no longer had a personal stake in the litigation and the Court no longer had subject matter jurisdiction.

The doctrine of mootness has its source in Article III of the United States Constitution, which provides that federal judicial power extends only to "cases" or "controversies." *Lusardi v. Xerox*

*Corp.*, 975 F.2d 964, 974 (3rd Cir.1992). A case becomes moot when the issues are no longer "live" or when the parties lack a legally cognizable interest in the outcome of the litigation. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "Complete relief to the plaintiff moots the action because he no longer has a legally cognizable interest in the outcome of the litigation." *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991); *Lusardi v. Xerox Corp.*, 975 F.2d at 974. These Article III limitations imposed by the mootness doctrine have been applied to a FDCPA action. *See Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851 (W.D. Ky. 2007). Therefore, if the Offer of Judgment actually gives Plaintiff everything she could recover in this litigation, this action would be moot.

The Court must determine whether the Offer of Judgment actually would give Plaintiff everything she could expect to recover. Plaintiff's first claim is for violations of the FDCPA. The FDCPA allows for damages as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and. . . .
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a).

NES asserts that the maximum that Plaintiff could recover for statutory damages is $1,000. The Court agrees that the maximum amount the Court can impose for FDCPA statutory violations is $1,000. *Lester E. Cox Med. Center v. Huntsman*, 408 F.3d 989, 993-94 (8th Cir. 2005); *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2nd Cir. 1998); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th

Cir. 1997); *Graziano v. Harrison*, 950 F.2d 107, 114 (3rd Cir. 1991).

NES next asserts that it offered an additional $2,000 to cover any "actual damages."[2] "Actual damages" can include damages for emotional distress as well as out-of-pocket expenses. *Tallon*, 497 F. Supp.2d at 850. NES asserts that Plaintiff does not have any actual damages that would exceed the NES offer of $2,000. "There is a strict standard for a finding of emotional damage[s] 'because they are so easy to manufacture.'" *Tallon*, 497 F. Supp.2d at 850 (citations omitted) "When the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail and cannot simply rely on conclusory statements." *Tallon*, 497 F. Supp.2d at 850-51 (citing *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 361-62 (6th Cir. 2005)). Therefore, "Plaintiff must produce actual evidence of distress and injury, not merely conclusory statements about it." *Id.*; *Krueger v. Ellis, Crosby & Assoc., Inc.*, No. 3:05-cv-160, 2006 WL 3791402 *2 (D. Conn. Nov. 9, 2006); *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004).

NES has lodged a factual attack upon the Court's subject matter jurisdiction with regard to Plaintiff's claim for actual damages. NES points the Court to Plaintiff's initial disclosures that fail to list any witnesses or documents that establish any actual damages. Plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *See Paterson*, 644 F.2d at 523.

---

[2] "The Fifth Circuit has not specifically ruled that [non-economic damages] are available under the FDCPA, but it has, in the context of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. , required "'a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award.'" *Frascogna v. Security Check, LLC*, No. 3:07-cv-686, 2009 WL 57102 * 3 (S.D. Miss. Jan. 7, 2009)(quoting *Paterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 938 (5th Cir. 1996)).

Even Plaintiff's own testimony of emotional harm would only be conclusory and she disclosed no evidence to support a claim for actual damages. In this case, Plaintiff failed to respond to the motion to dismiss after being given many opportunities to file a response. Thus, Plaintiff fails to meet her burden of challenging whether she has actual damages in this case. The allegations in her complaint are not sufficient. *See Frascogna*, 2009 WL 57102 at 3 (S.D. Miss. Jan. 7, 2009). Therefore, the Court finds that NES's offer of $2,000 would clearly cover any actual damages Plaintiff may have under the FDCPA. *See e.g. Bullock v. Abbott and Ross Credit Services, L.L.C.*, No. 1:09-cv-413, 2009 WL 4598330 *4 (W.D. Tex. Dec. 3, 2009).

Plaintiff also seeks damages under the TDCA. NES asserts that Plaintiff is not entitled to recover any statutory damages under the TDCA. The Court agrees. Section 392.403(e) provides that "[a] person who successfully maintains an action under this section for violation of Section 392.101, 392.202, or 392.301(a)(3) is entitled to not less than $100 for each violation of this chapter." Under the TDCA, Plaintiff can recover statutory damages in three specified situations: (1) the failure of a debt-collector's maintaining a surety bond issued by a surety company authorized to do business in Texas and filing the bond with the Texas Secretary of State; (2) the failure of a credit bureau or debt-collector to correct any inaccuracies in a consumer's credit file for which the credit bureau or debt-collector is responsible; and (3) the use of threats or coercion by "representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt-collector of the dispute." Tex. Finance Code §§ 392.101, 392.202, and 392.301(a)(3). Plaintiff has not alleged any violations of these provisions and would not be entitled to statutory damages

under the TDCA.

Finally, Plaintiff's claims under the DTPA flow only from her alleged violations of the TDCA. *See* Plaintiff's Complaint, ¶ 64. Therefore, Plaintiff is not entitled to any additional damages for any alleged violations of the TDCA and DTPA.

Therefore, NES's offer of full relief rendered this case moot, even though Plaintiff did not accept the offer.[3] The question then becomes what action should the Court take to close this case. Should the case simply be dismissed as moot, as NES requests, or should judgment be entered for Plaintiff in accordance with the offer? The Court believes that judgment should be entered in favor of Plaintiff in the amount of the Offer. Nothing in Rule 68 supports a dismissal of the case without an award of the proffered relief.

## RECOMMENDATION

It is recommended that National Enterprise Systems, Inc.'s ("NES") Fed. R. Civ. P. Rule 12(b)(1) Motion to Dismiss (Dkt. #35) should be GRANTED with prejudice and Judgment be entered in favor of Plaintiff against NES in the amount of $3,000 plus reasonable costs and reasonable attorney's fees.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.

---

[3] Other courts have held that an Offer of Judgment did not make the case moot. *See Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, No. 1:08-cv-6199, 2009 WL 3496863 (S.D.N.Y. Oct. 29, 2009); *Pollock v. Bay Area Credit Service, LLC*, No. 08-cv-61101, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2009); and *Bolton v. Pentagroup Financial Services, LLC*, No. 1:08-cv-218, 2009 WL 734038 (E.D. Cal. Mar. 17, 2009). In the case before the Court, Plaintiff has failed to respond or offer any evidence in response to NES's motion.

§ 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 18th day of February, 2010.**

*/s/ Amos Mazzant*
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE